# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GILBERT,<br><br>             Plaintiff,<br><br>    v.<br><br>B. WOLFLEY, et al.,<br><br>             Defendants.<br>_____ / | Case No. 1:09-cv-00167-DLB (PC)<br><br>ORDER DISMISSING CERTAIN CLAIMS<br><br>(Doc. 7) |

**I.    Screening Order**

Plaintiff Donald Gilbert ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on January 27, 2007.  (Doc. 1.)  On May 7, 2009, the Court dismissed Plaintiff's complaint with leave to amend for failure to state any claim upon which relief may be granted. (Doc. 6.)  On June 5, 2009, Plaintiff filed his first amended complaint.  (Doc. 7.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

## II.  Summary of Amended Complaint

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action allegedly occurred.  Plaintiff names as defendants: B. Wolfley, truck driver for the food department at PVSP; D. Anderson, correctional supervising cook; J. Yates, warden; J. Mattingly, chief deputy warden; P. Brazelton, associate warden; R. Trimble, associate warden; A. Pineda, facility C captain; M. Steele, lieutenant; B. Huyck, correctional sergeant; A. Allen, correctional officer; B. Farkas, correctional food manager I; B. Adams, assistant food manager; W. Maylin, supervising correctional cook; G. Villatoro, supervising correctional cook; J. Hansen, associate warden; F. Igbinosa, chief medical officer; K. Vilaysane, MD; H. Ehrman, MD; B. Phi, MD; J. Diep, MD; M. Mahoney, senior registered nurse II; A. Medley, LVN; N. Bair, RN; S. Maxwell, plant operations manager; J. Davis, plan operations worker; J. Hanharau, MD, community regional medical center ("CRMC"); and D. Hudson, RN at CRMC.

Plaintiff alleges that on February 11, 2008, at approximately 4:45 PM, Plaintiff worked in the facility C satellite kitchen, loading and unloading food and materials from the food services dock at the back dock of the kitchen. (Pl.'s Am. Compl. 3, ¶ 1.)  Defendant Wolfley was talking to D. Anderson and not paying attention to what he was doing. (Pl.'s Am. Compl. 3, ¶ 1.)  Wolfley jerked the door up, which hit the lock bar, causing the bar to swing forward and cut off

the end of Plaintiff's finger. (Pl.'s Am. Compl. 3, ¶ 1.) There was no safety lock mechanism on the truck door to prevent the door from being accidentally closed. (Pl.'s Am. Compl. 3, ¶ 1.)

After Plaintiff's finger was severed, it took until 8:50 PM to transport Plaintiff to the Fresno hospital. (Pl.'s Am. Compl. 10, ¶ 22.) Plaintiff's finger was not placed in an ice cooler, as PVSP's medical staff negligently put the finger in the hot trunk of the transporting car. (Pl.'s Am. Compl. 10, ¶ 22.) Plaintiff's right index finger could not be reattached. (Pl.'s Am. Compl. 10, ¶ 22.)

The doctor at Fresno hospital prescribed vicodin for the severe pain Plaintiff suffered. (Pl.'s Am. Compl. 10, ¶ 23.) However, medical staff at PVSP refused to issue Plaintiff the prescribed vicodin. (Pl.'s Am. Compl. 10, ¶ 23.) Plaintiff was in severe pain for several days and was given no adequate pain medication to control the level of pain. (Pl.'s Am. Compl. 10, ¶ 23.) Plaintiff alleges that he was seen by defendants Vilaysane, B. Phi, J. Diep, and H. Ehrman in their capacity as doctor and failed to give adequate pain medication. (Pl.'s Am. Compl. 14-16, ¶¶ 30-33.)

**III.     Discussion**

    **1.     *Inmate Health and Safety***

Plaintiff alleges that defendants Wolfley, Anderson, J. Yates, J. Mattingly, R. Trimble, B. Farkas, B. Adams, W. Maylin, G. Villatoro, S. Maxwell, J. Davis, A. Pineda, M. Steele, B. Huyck, and A. Allen are responsible for Plaintiff's health and safety as a worker in the Facility C kitchen. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124,

3

1128 (9th Cir. 1998).

Here, Plaintiff fails to allege an Eighth Amendment claim regarding his conditions of confinement. Plaintiff alleges that Defendant Wolfley's negligence in letting the truck door go up caused Plaintiff to lose his finger. Negligence is not sufficient to state a cognizable Eighth Amendment claim. Likewise, Plaintiff fails to state a cognizable claim against defendant D. Anderson. Plaintiff's allegation that defendant Anderson is responsible for truck safety is at most an allegation of negligence, which is not a cognizable Eighth Amendment claim.

Furthermore, Plaintiff's allegations against Defendants because of their responsibilities is not sufficient to state a claim. Plaintiff fails to allege a causal link between these Defendants and any federal or constitutional violation. Plaintiff must allege personal responsibility by a defendant to state a cognizable claim. Plaintiff thus fails to state a claim against defendants J. Yates, J. Mattingly, R. Trimble, B. Farkas, B. Adams, W. Maylin, G. Villatoro, S. Maxwell, J. Davis, A. Pineda, M. Steele, B. Huyck, and A. Allen.

**2.     Deliberate Indifference To Serious Medical Needs**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

4

further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has stated a cognizable claim for deliberate indifference to a serious medical need against Defendants K. Vilaysane, H. Erhman, B. Phi, and J. Diep. Plaintiff alleges that he was seen by these Defendants at PVSP regarding the pain he was suffering after losing a finger. Plaintiff alleges that they gave inadequate pain medication for Plaintiff's severe pain.

Plaintiff fails to state any cognizable claims against Defendants J. Yates, J. Mattingly, J. Hansen, P. Brazelton, Igbinosa, M. Mahoney, A. Medley, N. Blair, J. Hanharau, and D. Hudson. Plaintiff's allegations against these defendants is not based on personal action that indicate a violation of Plaintiff's constitutional or federal rights.[1]

### 3. Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff fails to allege that any supervisory defendants personally participated in the alleged deprivation, knew of the violations and failed to act, or promulgated a policy so deficient that it is itself a repudiation of constitutional rights and the moving force of the

---

[1] Though Plaintiff names J. Hanharau and D. Hudson, Plaintiff fails to link them to any act or omission that violated Plaintiff's constitutional or federal rights.

5

1  constitutional violation.

   Plaintiff also makes allegations against Doe Defendants 1 through 33, who are successors to defendant warden Yates.  These allegations are based on their responsibilities as warden. Successors to warden Yates have no involvement with Plaintiff's claims, and thus are dismissed from this action.

**IV.     Conclusion and Order**

   Plaintiff alleges a cognizable claim against defendants Vilaysane, Phi, Erhman, and Diep for deliberate indifference to a serious medical need.  Plaintiff fails to state any other claims against any other defendants.  The Court finds that further leave to amend should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

   Accordingly, the Court HEREBY ORDERS the following:

   1.  This action proceed against defendants Vilaysane, Phi, Erhman, and Diep for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and

   2.  B. Wolfley, D. Anderson, J. Yates, J. Mattingly, P. Brazelton, R. Trimble, A. Pineda, M. Steele, B. Huyck, A. Allen, B. Farkas, B. Adams, W. Maylin, G. Villatoro, J. Hansen, F. Igbinosa, M. Mahoney, A. Medley, N. Bair, S. Maxwell, J. Davis, J. Hanharau, D. Hudson, and Does 1 through 33 are dismissed from this action with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

   IT IS SO ORDERED.

   **Dated:     October 27, 2009**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

6