# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GILBERT, | CASE NO. 1:09-CV-00167-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| B. WOLFLEY, et al., | (DOC. 37) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.      Background**

   Plaintiff Donald Gilbert ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint against Defendants Erhman, Vilaysane, Phi, and Diep for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1]  On July 22, 2011, Defendants Vilaysane and Ehrman filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defs.' Mot. Dismiss, Doc. 37.  On November 14, 2011, Plaintiff filed his opposition.  Pl.'s Opp'n, Doc. 44.  On November 21, 2011, Defendants filed their reply.  Defs.' Reply, Doc. 45.  The matter is submitted pursuant to Local Rule 230(l).

---

[1] Defendants Phi and Diep have not appeared in this action.

1

## II. Summary Of First Amended Complaint

Plaintiff alleges that on February 11, 2008, at approximately 4:45 PM, Plaintiff worked in the facility C satellite kitchen, loading and unloading food and materials from the food services dock at the back dock of the kitchen. Pl.'s Am. Compl. 3, ¶ 1. Wolfley was talking to D. Anderson and not paying attention to what he was doing. *Id.* Wolfley jerked the door up, which hit the lock bar, causing the bar to swing forward and cut off the end of Plaintiff's finger. *Id.* There was no safety lock mechanism on the truck door to prevent the door from being accidentally closed. *Id.*

After Plaintiff's finger was severed, it took until 8:50 PM to transport Plaintiff to the Fresno hospital. *Id.* Plaintiff's finger was not placed in an ice cooler, as PVSP's medical staff negligently put the finger in the hot trunk of the transporting car. *Id.* Plaintiff's right index finger could not be reattached. *Id.*

The doctor at Fresno hospital prescribed vicodin for the severe pain Plaintiff suffered. *Id.* ¶ 23. However, medical staff at PVSP refused to issue Plaintiff the prescribed vicodin. *Id.* Plaintiff was in severe pain for several days and was given no adequate pain medication to control the level of pain. (Pl.'s Am. Compl. 10, ¶ 23.) Plaintiff alleges that he was seen by defendants Vilaysane, B. Phi, J. Diep, and H. Ehrman in their capacity as doctors. *Id.* ¶¶ 30-33.

## III. Failure To State A Claim

### A. Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The federal system is one of notice pleading. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Detailed factual

allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**B.     Analysis**

Defendants contend that Plaintiff fails to state a claim, as his allegations do not link Defendants with any specificity to an act or omission that violated Plaintiff's rights. Defs.' Mem. P. & A. 8-9. Plaintiff argues that his allegations in the amended complaint state a claim, without more. Pl.'s Opp'n. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3

Here, Plaintiff's pleadings fail to state a claim. Plaintiff's allegations are that he did not receive adequate pain medication.[2] However, Plaintiff has not linked Defendants Erhman or Vilaysane to a constitutional violation. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff alleges only that he received inadequate pain medication, and that

---

[2] Plaintiff's allegation against Defendant Vilaysane is:

> Plaintiff is informed and believes, and thereon alleges, that on all dates after February 11, 2008 (the date of plaintiff's injury), to the present date, in which plaintiff sought medical treatment and care for his finger injury and was denied proper medical care in terms of the severe pain plaintiff was in for several days and was not given adequate pain medication to control the level of pain that plaintiff was forced to endure, defendant K. Vilaysane, M.D., by whom plaintiff was seen in his capacity as a doctor, and who is and, at all times relevant herein, was employed by the CDCR as a Physician and Surgeon, a Chief Physician and Surgeon, and/or a CMO at PVSP, was responsible for the medical care of all inmates at PVSP. Plaintiff is informed and believes, and thereon alleges, that defendant K. Vilaysane, M.D., is a properly-trained and licensed medical doctor who is and has been responsible for the medical care of all inmates at PVSP. This includes, but is not limited to, the supervision, direction, and/or proper training of the medical staff at PVSP in the delivery of health care services and the management of health care programs; involvement in the determination of proper medical care for inmates, including, but not limited to, having authority to order and approve medical tests and treatment to be done; having authority to assure that inmates who are transferred to other institutions receive continuing proper medical care; having authority and responsibility for assuring the proper ordering and stocking of medical supplies; communication of medical needs to the correctional custody staff; and making sure that proper medical treatment is provided to all inmates. Plaintiff is further informed and believes, and thereon alleges, that defendant K. Vilaysane, M.D., is responsible for assuring that PVSP medical staff, and all other medical providers with whom the CDCR contracts in providing medical to inmates at PVSP, provide proper medical care to the inmates, and that all such individuals know, understand, and act pursuant to CDCR policy. At all times mentioned, defendant K. Vilaysane, M.D., was acting under color of state law, in the course and scope of his employment, and is sued both in his official and individual capacities.

First Am. Compl. ¶ 30. Plaintiff's claims against Defendants Erhman, Diep, and Phi are the same as the claim against Defendant Vilaysane.

4

Defendants saw Plaintiff in their capacity as doctors. Plaintiff has not alleged sufficient facts to demonstrate that Defendants Vilaysane and Erhman knew of and disregarded a substantial risk of serious harm to Plaintiff.

As currently plead, Plaintiff appears to allege liability based on Defendants' roles as supervisory officials. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges at most legal conclusions that Defendants participated in the alleged deprivation of Plaintiff's constitutional rights, which is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.

Though Defendants Diep and Phi have not appeared in this action, the Court finds that Plaintiff has also not stated a claim against them. Plaintiff's allegations against Defendants Phi and Diep are the same as his allegations against Defendants Ehrman and Vilaysane, and likewise fail to state a claim.[3]

---

[3] Because Plaintiff has failed to state a claim, the Court declines to address Defendants' arguments concerning Plaintiff's pleading of punitive damages.

**C.     Leave To Amend**

The Court finds that Plaintiff may be able to amend his pleadings to state a cognizable claim. Thus, leave to amend should be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Once filed and served, the Court will screen Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A before requiring Defendants to respond. Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

## III.    Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed July 22, 2011, should be granted;
2. Plaintiff's first amended complaint, filed June 5, 2009, be dismissed for failure to state a claim upon which relief may be granted; and
3. Plaintiff be granted leave to file a second amended complaint within thirty days from the date of service of the District Judge's order resolving these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate

1. Judge's Findings and Recommendations." The parties are advised that failure to file objections
2. within the specified time may waive the right to appeal the District Court's order. *Martinez v.*
3. *Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
4.     IT IS SO ORDERED.
5.     Dated:   **November 29, 2011**               **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE